

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARARAT MITOYAN,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>    Respondent. | No. 07-74407<br><br>Agency No. A098-522-659<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2011**
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and QUIST,*** Senior District
Judge.

 Petitioner Ararat Mitoyan asks us to review an order of the Board of

Immigration Appeals ("BIA") returning him to his native Armenia. Petitioner

---

 * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

 *** The Honorable Gordon J. Quist, Senior United States District Judge for
the Western District of Michigan, sitting by designation.

asserts that the BIA erred in failing to consider whether his alleged mistreatment constituted torture under the Convention Against Torture ("CAT") and in affirming the adverse credibility finding of the immigration judge ("IJ").

1. We lack jurisdiction to address Petitioner's claim that the BIA erred when it failed to consider whether Petitioner's alleged mistreatment by Armenian Internal Affairs officers constituted torture under the CAT. We have jurisdiction to decide an issue only if it was exhausted in the administrative proceedings below. Zara v. Ashcroft, 383 F.3d 927, 930 (9th Cir. 2004). The only issues raised in Petitioner's appeal to the BIA related to the IJ's adverse credibility determination and denial of asylum, and those are the only issues the BIA addressed in its opinion.[1]

2. Because the BIA explicitly adopted the IJ's credibility analysis, citing In re Burbano, 20 I. & N. Dec. 872 (B.I.A. 1994), we review the IJ's adverse credibility determination as if it were that of the BIA. Rizk v. Holder, 629 F.3d 1083, 1087 (9th Cir. 2011); Aguilar-Ramos v. Holder, 594 F.3d 701, 704 (9th Cir. 2010). Petitioner filed his application for relief before May 11, 2005, so we apply pre-REAL ID Act rules. Rizk, 629 F.3d at 1087 n.2.

---

[1] The BIA also briefly addressed Petitioner's competence to testify, but Petitioner has not raised that issue in this appeal, nor has he produced any evidence of incompetence.

We review the IJ's adverse credibility determination for substantial evidence. "We must uphold the IJ's adverse credibility determination so long as one of the identified grounds is supported by substantial evidence and goes to the heart of the alien's claim of persecution." Id. at 1087 (internal quotation marks and brackets omitted)).

Here, the IJ identified several grounds for her adverse credibility determination, including suspicious changes in Petitioner's demeanor on cross-examination; internal inconsistency in Petitioner's testimony on important issues; and Petitioner's failure to produce readily available corroborative testimony. For example, Petitioner testified that he was arrested because of irregularities he observed during elections, but he did not testify consistently as to what he had seen. He testified at one point that he never saw money changing hands at the polls and then later testified that he did see money change hands. Petitioner also failed to testify consistently regarding his claim that government officials arrested him because of what he had seen during elections. For example, he testified that the officials who arrested him "didn't see [him]" at the elections. When asked why, then, he "knew [that his] arrest had something to do with what [he] observed at the . . . polling place," Petitioner responded that it was "natural" that his arrest was "connected" to what he saw during voting "[b]ecause [he] was arrested after

3

the elections." Additionally, Petitioner variously testified that he witnessed embezzlement in 1987, 1988, or 1991, which caused him to quit the Armenian National Movement; but he testified in contradiction that he did not join that group until 1991 or 1999. These inconsistencies went to the heart of his claim of political persecution. Petitioner also failed, without any cogent explanation, to produce his wife as a witness, even though she was present when he was allegedly arrested in their home by Armenian officials; provided bail for his release; and was, at the time of the removal proceedings, living with Petitioner in California. The IJ gave Petitioner ample opportunity to explain these inconsistencies, including staying the proceedings to allow Petitioner to gather additional witnesses and evidence, but Petitioner failed to provide adequate explanation or corroboration. For instance, Petitioner testified that he could not answer questions consistently because his "memory gets erased" because he "ha[s] received emotional harm." In support of this argument, he submitted a psychologist's letter diagnosing him with depression and post-traumatic stress disorder. The letter, however, does not state that the alleged disorders affected Petitioner's ability to testify consistently. In fact, it does not mention his ability to testify at all. Therefore, the IJ properly found that it is an insufficient explanation for Petitioner's inconsistent testimony. Because we

4

conclude that the IJ's adverse credibility determination was supported by substantial evidence, we must deny the petition.

Petition DENIED.